# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DARWIN KNIGHT,** | : | |
| **Plaintiff,** | : | |
| vs. | : | CA 08-0301-KD-C |
| **OFFICER LANE,** *et. al.*, | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on a motion for leave to appeal *in forma pauperis* (Doc. 26), filed *pro se* by Darwin Knight. For the reasons stated below, it is recommended that the motion be denied on the basis that it is not taken in good faith and that Darwin Knight be required to pay the filing fee pursuant to 28 U.S.C. §1915(b).

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

## BACKGROUND

Darwin Knight is a state prisoner who is presently confined at Holman Correctional Facility in Atmore, Alabama. (Doc. 5.) On August 19, 2008, Knight filed a civil rights action in this Court, pursuant to 42 U.S.C. § 1983, claiming that he was wrongfully forced to leave his post at the Facility's leather shop.[2] (*Id*. at 7.) Knight sought a total of $20,000, to be comprised of $5,000 from each of four defendants, and injunctions prohibiting retaliation. (*Id*. at 6.)

On January 25, 2010, the undersigned recommended that Plaintiff's complaint be dismissed with prejudice. (Doc. 22, p. 1.) United States District Judge Kristi Dubose adopted the undersigned's report and recommendation by order dated February 17, 2010 (Doc. 24) and judgment was entered dismissing this action with prejudice (Doc. 25). On March 4, 2010, Knight filed a motion for leave to appeal *in forma pauperis* (Doc. 26) along with his notice of appeal.

The only issue that Knight indicates he may raise on appeal is that "the District Court erred" by granting summary judgment "where evidence of record clearly demonstrate[s] genuine issues of material facts in dispute."

---

[2] Knight's complaint was originally filed in the Middle District of Alabama on July 11, 2008, but was transferred to this Court on August 19, 2008. (Doc. 5.)

(Doc. 26, p. 1.) Knight has previously been granted IFP status by this Court (*see* Doc. 6.).

## DISCUSSION

A determination whether Petitioner's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Fed.R.App.P. 24. *See Ex parte Chayoon*, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citation omitted).[3]  Section 1915(a) provides, as follows:

> (1)   Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2)   A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> (3)   ***An appeal may not be taken in forma pauperis***

---

[3]   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> *if the trial court certifies in writing that it is not taken in good faith.*

*Id*. (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> **(1) Motion in the District Court.**
>
> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)** claims an entitlement to redress; and
>
> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion.**
>
> If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval.**
>
> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed in appeal in forma pauperis without further authorization, unless:

> **(A)** the district court– before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

*Id.*

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *Chayoon, supra*, at *1 (citation omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, *1 (S.D. Ohio 2008); *see also Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

This Court fully set forth its reasoning for dismissing Plaintiff's complaint with prejudice. (Docs. 22 & 24.) Plaintiff's complaint is that he was wrongfully removed from a hobby craft program in 2008 for retaliatory reasons. It is clear, however, that the warden enacted a rule in 2005 which mandated a minimum expenditure level for prisoners desirous of staying in the program, and that Plaintiff (along with 16 other inmates) was removed from the program because he chose to not comply with that rule. (Doc. 22,

p. 2, 14.)  This legitimate, non-discriminatory reason for removing Plaintiff from the craft program means that Knight has no possibility of alleging facts "showing that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive."  *Hempstead v. Carter*, 2006 WL 2092383, *5-6 (N.D.Fla. July 26, 2006) (citations omitted).  The pertinent issue having been fully addressed, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal.  Accordingly, it is recommended that the District Judge deny the motion to proceed *in forma pauperis* on appeal and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## CONCLUSION

It is recommended that the District Judge deny the motion to proceed *in forma pauperis* on appeal (Doc. 26) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this 7th day of April, 2010.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**